

THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**BRADFORD C. PATRICK**
*Assistant Corporation Counsel*
Tel.: (212) 788-1575
Fax: (212) 788-9776

April 8, 2008

BY HAND
Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>Thomas Hooker v. City of New York, et al.</u>, 08 CV 1691 (VM)

Dear Judge Marrero:

  I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney for defendant City of New York ("City") in the above-referenced matter. I am writing with the consent of plaintiff's counsel, Darius Wadia, Esq., to respectfully request an enlargement of time, from April 8, 2008 until May 14, 2008, within which defendant Police Officer Alexander Nivar may answer or otherwise respond to the complaint.[1] No previous request for an extension has been made on behalf of Officer Nivar.[2]

  The complaint alleges, <u>inter alia</u>, that plaintiff was falsely arrested and illegally searched. In addition to defendants City and Officer Nivar, the complaint purports to name "John Doe 1" and "John Doe 2" as defendants. Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. The enlargement of time will afford us the opportunity to investigate the matter.

  Moreover, the enlargement will allow us to ascertain whether Officer Nivar has been properly served. If proper service has been effectuated then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case,

---

[1] Although this office does not currently represent Officer Nivar, we respectfully make this request on his behalf in order that his defenses are not jeopardized while representational issues are being resolved.

[2] By Order dated March 13, 2008, Your Honor granted defendant City's request for an enlargement of time to respond to the complaint until May 14, 2008.

whether we may represent Officer Nivar. See Mercurio v. City of New York, 758 F.2d 862, 864-65 (2d Cir. 1985); Williams v. City of New York, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law). Officer Nivar must then decide whether he wishes to be represented by this office. If so, we must obtain his written authorization. Only after this procedure has been followed can we determine how to proceed in this case.

      In view of the foregoing, it is respectfully requested that the Court grant the within request extending defendant Police Officer Alexander Nivar's time to answer or otherwise respond to the complaint until May 14, 2008.

      Thank you for your consideration in this regard.

Respectfully submitted,

Bradford C. Patrick
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   BY FAX AT (212) 571-9149
      Darius Wadia
      Darius Wadia, LLP
      Attorney for Plaintiff
      233 Broadway, Suite 2208
      New York, NY 10279

> Request GRANTED. The time for defendant(s) to answer or otherwise move with respect to the complaint in this action is extended to 5-14-08, as to defendant Alexander Nivar.
> SO ORDERED.
>
> 4-9-08
> DATE     VICTOR MARRERO, U.S.D.J.

2