UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

THOMAS HOOKER,

                                Plaintiff,

-against-

THE CITY OF NEW YORK, ALEXANDER NIVAR,
JOHN DOE 1 AND JOHN DOE 2,

                                Defendants.

------------------------------------------------------------------------ x

**ANSWER**

08 CV 1691 (VM)

Jury Trial Demanded

        Defendants the City of New York ("City") and Police Officer Alexander Nivar, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff was arrested on or about July 10, 2006 for criminal possession of a controlled substance.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        5.     Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to lay venue as stated therein.

6. The allegations contained in paragraph "6" of the complaint contain no averments of fact to which a response is required.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Admit the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that the City of New York maintains a police department.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Alexander Nivar is employed by the City of New York as a police officer.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that on or about July 10, 2006, Alexander Nivar was assigned to the 25th Precinct.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that on or about July 10, 2006, Alexander Nivar was assigned shield number 13420.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. The allegations in paragraph "10" of the complaint contain conclusions of law rather than averments of fact to which no response is required; to the extent a response is required defendants deny knowledge or information sufficient to form a belief as to the truth of such allegations.[1]

22. The allegations contained in paragraph "22" of the complaint contain no averments of fact to which a response is required.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

---

[1] Defendants City and Nivar respectfully note that on information and belief the individuals identified as "Defendants South and Pineiro" do not appear in the caption of the complaint, nor have they been served with a copy of the summons in complaint in this action.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint, except admit that plaintiff was transported to the 25th Precinct.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint, except admit that plaintiff was charged with violating New York Penal Law § 220.03.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint, and respectfully refer the Court and plaintiff to the referenced documents for complete statements of their contents.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Admit the allegations set forth in paragraph "44" of the complaint.

45. In response to paragraph "45" of the complaint, defendants repeat and reallege their responses to paragraphs "1" through "44" of their answer, as if fully set forth herein.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. In response to paragraph "47" of the complaint, defendants repeat and reallege their responses to paragraphs "1" through "46" of their answer, as if fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

51. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

52. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

53. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

54. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

55. Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

56. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations period.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

57. Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

58. The actions taken by any police officers involved were justified by probable cause.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

59. Plaintiff may not recover punitive damages from the City of New York.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

60. Defendant Nivar has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

61. Plaintiff's claims may be barred by Heck v. Humphrey, 512 U.S. 477 (1994).

- 8 -

**WHEREFORE,** defendants the City of New York and Police Officer Alexander Nivar request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         May 14, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendants City and Officer Nivar
100 Church Street
New York, New York 10007
(212) 788-1575

By:  _____/s/_____
     Bradford C. Patrick
     Assistant Corporation Counsel


To:   <u>BY ECF</u>
      Darius Wadia
      Darius Wadia, LLC
      Attorney for Plaintiff
      233 Broadway, Suite 2208
      New York, NY 10279

Index No.  08 CV 1691 (VM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS HOOKER,

         Plaintiff,

    -against-

THE CITY OF NEW YORK, ALEXANDER NIVAR, JOHN DOE 1 AND JOHN DOE 2,

         Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*

*Corporation Counsel of the City of New York*
*Attorney for Defendants City and Officer Nivar*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Bradford C. Patrick*
*Tel:  (212) 788-1575*
*NYCLIS No.2008-006103*

*Due and timely service is hereby admitted.*

*New York, N.Y.  .............................................., 200......*

*.............................................................. Esq.*

*Attorney for.................................................................*