```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-21-08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

THOMAS HOOKER,

                                           Plaintiff,

-against-

THE CITY OF NEW YORK, ALEXANDER NIVAR,
JOHN DOE 1 AND JOHN DOE 2,

                                          Defendants.

**STIPULATION AND ORDER OF SETTLEMENT AND DISCONTINUANCE**

08 CV 1691 (VM)

------------------------------------------------------------ x

       **WHEREAS**, plaintiff commenced this action by filing a complaint on or about February 20, 2008, alleging that the defendants violated plaintiff's civil rights; and

       **WHEREAS**, defendants have denied any and all liability arising out of plaintiff's allegations; and

       **WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

       **WHEREAS**, plaintiff has authorized his counsel to settle this matter on the terms set forth below;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

       1.    The above-referenced action is hereby dismissed, with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "2" below.

       2.    Defendant City of New York hereby agrees to pay plaintiff THOMAS HOOKER the sum of TWELVE THOUSAND DOLLARS ($12,000) in full satisfaction of all claims made against the defendants, including claims for costs, expenses, and attorney fees. In

consideration for the payment of this sum, plaintiff agrees to the dismissal of all the claims against the named defendants, the City of New York and Alexander Nivar, with prejudice, and to release all of the defendants, any present or former employees or agents of the City of New York, or any agency thereof, including, but not limited to, the New York City Police Department, from any and all liability, claims, or rights of action under state or federal law arising from and contained in the complaint in this action, including claims for costs, expenses and attorney fees.

3. Plaintiff shall execute and deliver to the defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit Concerning Liens.

4. Nothing contained herein shall be deemed to be an admission by any of the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or the New York City Police Department.

6. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:   New York, New York
         July 10, 2008

DARIUS WADIA, Esq.  
Attorney for Plaintiff  
233 Broadway, Suite 2208  
New York, NY 10279  

By: _____  
Darius Wadia, Esq. (DW 8674)  
Attorney for Plaintiff  

MICHAEL A. CARDOZO  
Corporation Counsel of the  
   City of New York  
Attorney for Defendants City of New  
   York and Alexander Nivar  
100 Church Street  
New York, New York 10007  
(212) 788-1575  

By: _____  
Bradford C. Patrick  
Assistant Corporation Counsel  

SO ORDERED: 21 July 2008

_____  
HON. VICTOR MARRERO, U.S.D.J.

3